# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,

    Plaintiff,

vs.                            Case No.06-2048(RMC)

U.S. DEPARTMENT OF JUSTICE,

    Defendant,

DRUG ENFORCEMENT AGENCY,

_____/

**RECEIVED**

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION OF CLAIMS FOR RELIEF AND JUDGMENT OF DEFAULT

Pursuant to Fed.R.Civ.Proc. Rule 8 (a)(1)(2)(3)[1], the moving Plaintiff hereby respectfully request the Clerk of Court to enter the Order granting this Claim for Relief. In the alternative, the Clerk of Court is ask to grant this request for Judgment of Default in favor of the moving Plaintiff, pursuant to Fed.R.Civ.Proc. Rule 55 (a) and (b)(1)[2], because in the alternative in respect of Defendant has failed to comply with the request for records, pursuant to 5 U.S.C.§ 552 and the Complaint. Now respectfully referred to the accompanying Affidavit and the statements of material facts, accompanying this motion.

---

[1] A pleading which sets forth a claim for relief, whether an original claim, counter claim, cross claim or third party claim shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it (2) A short and plain statement of

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018

the claim showing that the pleader is entitled to relief (3)
a demand for judgment for the relief the pleader seeks. Relief
the alternative or of several types of different relief.
    When a party against whom a judgment for affirmative relief
is sought has failed to plead or otherwise defend as provide
by these rules and that fact is made appear by affidavit or
otherwise, the clerk shall enter the party's default.
(b) Judgment by default may be enter as follow:
(e) No judgment by default shall be entered against the United
States or an officer or agency thereof unless the claimant
establishes a claim or right to relief by evidence satisfactory
to the court.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


DEMETRIUS MCLAUGHLIN,

     Plaintiff

VS.                  Case No.06-2048(RMC)


U.S.DEPARTMENT OF JUSTICE

     Defendant,

    DRUG ENFORCEMENT AGENCY,

_____/

AFFIDAVIT IN SUPPORT OF THE MOTION OF

CLAIMS FOR RELIEF AND JUDGMENT OF DEFAULT


    I Demetrius Mclaughlin, being first duly sworn, depose and make under oath that the following Motion and Affidavit, pursuant to Title 28 USC§ 1746, that every statement in support of the Motion, is correct and true to the best of my knowledge and belief and in support thereof states the following:

    1. On the 30th day of November 2006, Mclaughlin filed a Compliant against the U.S. Department of Justice, for the Drug Enforcement Administration. The Compliant, asserted that the agency had failed to release the requested records, document, pursuant to 5 U.S.C.§ 552 and 552(a) of the Freddom of Information Act an Privacy Act. That entitle him to the requested records, reports, and information. That were generated through the investigation by Drug Enforcement Agency or in the possession

of the agency. The requested relief sought in the Compliant. For the Court to decide that the Defendant refusal to respond and/or disclose the records requested by the plaintiff to be unlawful. And (2) enter the order requiring the Defendant to make the requested documents, records, information available to the plaintiff.

The Defendant's, has failed to met the Pleading of the Complaint and the request for records pursuant to the statute of 5 U.S.C.§ 552, and is still in violation of statute of the FOIA. The Drug Enforcement Administration has failed to release 272 pages of records and one (1) CD and (1) cassette tape. see exhibit (A) attached to this affidavit. These 272 page pertain to the requested records, reports, information are document that pertain to Compliant.

2. On the 13th day of September 2006, Plaintiff submitted the request to the (DEA) for the middle district of Florida Tampa division. A second request were also submitted to the head office in Washington D.C.. The request for any and all information, pertain to the investigation conduct by the DEA of its connection with the illegal manufacture of meth, in the area of Pasco County Florida. The DEA failed to conduct and adequate search of the its field office. Therefore it miss 270 page of records, reports, and information, evidence that is part of its investigation.

CONCLUSION

Plaintiff, assert that the facts presented herein supports that this is a valid claim,that he is entitle to the requested relief.

## CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a true and correc copy of the foregoing Affidavit and Motion, has been furnished to the prison mail to be served by U.S. Mail to all interest parties on this_____ day of July 2007.


WILLIAM C. JOHNSON,
UNITED STATES SENIOR ATTORNEY
ADMINISTRATIVE LAW SECTION
U.S. ATTORNEY OFFICE RM E4114
555 4th street N.W.
   Washingto D.C. 20530


JEFFREY A TAYLOR,
UNITED STATES ATTORNEY

MADELYN E. JOHNSON,
ASSISTANT UNITED STATES ATTORNEY



Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018


-4-



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

MAR 1 2 2007

Requester: **Demetrius McLaughlin**                    Request Number: **06-3274**

Subject of Request: **Self/FLM**

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ **X** ] partial [    ] full denial.

___29___ page(s) are available to be released in full (RIF);
___12___ page(s) are available to be released in part (RIP);
___164___ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

[ **X** ]  After reviewing all the documents, we have determined that we can make a partial release. Therefore, 41 pages are available for release to you. In response to our letter to you dated December 11, 2006, you agreed to pay for search and any additional fees for the remaining documents. The first 100 of those pages are free. Search time is charged at a rate of $28 per hour/$7 per quarter and copying at a rate of $0.10 per page. You will receive 2 hours free out of 4.5 hours of search time. A $_____ review, $__**70.00**__ search, and/or $_____ copying fee is being assessed for these records. If you would like these records, please send a check or money order for    $__**70.00**__, payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received within 30 days from the date of this letter, any future requests for records will be rejected until payment is received.**

(Page 1 of 2)

Form No. 021- fee/bill - 2/06

In addition, a review of the material revealed:

[ X ]    272 page(s), 1 CD-R & 1 cassette tape originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** Once we have received the above payment, these records will be referred to the following component(s) listed for review and direct response to you: Drug Enforcement Administration (DEA)/270 pages, 1 CD-R & 1 cassette tape & United States Marshals Service (USMS)/2 pages.

[ X ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)