UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRUIS MCLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2048 (RMC) |
| | ) |
| DEPARTMENT OF JUSTICE DRUG | ) |
| ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant . | ) |
| _____ | ) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF CLAIMS AND REMEDIES AND IN
FURTHER SUPPORT OF THE DEA'S MOTION FOR SUMMARY JUDGMENT

Defendant the Drug Enforcement Administration (DEA), through undersigned counsel, respectfully files this Opposition to Plaintiff's Motion for Joinder of Claims and Remedies (Dkt # 17). Plaintiff appears to support this motion by contending that documents referred to the DEA for processing in response to his Freedom of Information Act (FOIA) request to the U.S. Attorney's Office in Tampa, Florida tie these requests together and demonstrate that DEA's search was inadequate. For the reasons set forth below, the Court should deny this motion, and should, instead, grant the DEA's pending motion for summary judgment. In his motion for joinder, plaintiff seeks to add claims against the Executive Office for U.S. Attorneys arising from a separate request for records under FOIA that plaintiff submitted to the United States Attorney's Office for the Middle District of Florida. While the subject matter of these two requests may be the

same criminal investigation and plaintiff's subsequent conviction, that does not mean that permissive joinder should be granted.

Rule 20(a) of the Federal Rules of Civil Procedure provides that a district court may join entities as defendants in a single case if certain prerequisites are met; that is, if the claims against each defendant (1) "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences and (2) if any question of law or fact common to all [the plaintiffs] will arise in the action." Fed.R.Civ.P. 20(a). In order to satisfy the first prong of this equation, the claims must be logically related. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926). The second prong of Rule 20(a) requires that there be some common question of law or fact as to all of the plaintiff's claims. See Mosley v. General Motors Corp., 497 F.2d 1330, 1334 (8th Cir.1974).

Even if these prerequisites are met, however, whether particular circumstances warrant joinder is left to the sound discretion of the district court. Carabillo v. ULLICO, Inc., 357 F. Supp. 2d 249 (D.D.C. 2004). "The well-established policy underlying permissive joinder is to **promote trial convenience and expedite the resolution** of lawsuits." Puricelli v. CNA Insurance Co., 185 F.R.D. 139, 142 (N.D.N.Y.1999) (emphasis supplied).

In the instant case, plaintiff lodged two FOIA requests – one to the DEA and another to the U.S. Attorney's Office in Tampa, Florida. DEA responded to the request

directed to them in February 2007. Dissatisfied with the handling of his request to DEA, plaintiff chose to file suit against that component. Defendant filed a motion to dismiss or for summary judgment including with it a Vaughn index of the documents withheld. Plaintiff has had an opportunity to respond. The case is ripe for resolution.

EOUSA, on the other hand, in March 12, 2007 sent plaintiff a letter advising him that that office would release 29 pages in full, 12 pages with redactions, and withhold 164 pages in full upon payment of search fees. EOUSA also advised plaintiff that it was referring **potentially** responsive materials to DEA and the United States Marshals Service for their review, again upon plaintiff's payment of search fees. As noted below, plaintiff has submitted a photo copy of a MoneyGram stub dated April 10, 2007, which he states represents his payment of the assessed fees. There is no indication that plaintiff administratively appealed EOUSA's withholding determinations with regard to its 205 pages.

In short, these two requests developed independently and their resolutions do not necessarily relate, notwithstanding plaintiff's belief that the documents referred from EOUSA to DEA mean that they do. Moreover, even if the court were to conclude that the prerequisites set forth in Rule 20(a) have been satisfied, permissive joinder is not required and is not appropriate here. The instant case is ripe for resolution while any new action against EOUSA or involving the referral to DEA would be in its incipient stages. Additionally, it is unclear from the record whether plaintiff has exhausted the

administrative appeal process with regard to the disposition of his request to EOUSA. Plaintiff should not be permitted to ignore that process simply because he already has a FOIA case pending in district court. Under very similar circumstances, this court has declined to grant permissive joinder of additional agency defendants. See, e.g., McGehee v. CIA, 533 F.Supp. 861, 870 (D.D.C. 1982).[1]

Secondly, plaintiff attempts to draw a relationship between the processing of his two FOIA requests by arguing that EOUSA's response demonstrates that DEA's search was inadequate because DEA failed to find among its files the materials EOUSA subsequently referred to it. In doing so, plaintiff overstates any connection between the two responses that is revealed by his own submissions. See, e.g., Plaintiff's Opposition (Dkt. # 13). Without support, plaintiff alleges that DEA failed to search the Tampa field office in Florida and failed to release other materials such as a picture of recovered evidence. Pl. Opp. at 2.[2] In support of this contention, plaintiff attached a copy of

---

[1] *Rev'd on different grounds,* 697 F.2d 1095 (D.C. Cir. 1983), *vacated in part and district court opinion aff'd in part, on rehearing,* 711 F.2d 1076 (D.C. Cir. 1983).

[2] As set forth in the Wassom Declaration attached as an exhibit to DEA's motion for summary judgment, plaintiff's letter was interpreted as a request for criminal investigatory records held by DEA that referenced or related to the plaintiff and that such files were reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008, which contains **all** administrative, general, and criminal investigatory files compiled by DEA for law enforcement purposes. See Wassom Decl. ¶¶ 9 & 10. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS. Id. ¶ 12. The NADDIS system was searched using plaintiff's name, social security number and date of birth. Id. ¶ 13. As a result of that search, 35 pages of responsive materials were located, 18 pages were released in whole or in part, and 13 pages were withheld in their entirety. Id. ¶ 14; see Dkt # 10, Exh. B (DEA response dated Feb. 26, 2007)Exh. C (DEA response dated Feb. 27, 2007). As

EOUSA's response to his FOIA request to them dated March 12, 2007. Id. In this letter, EOUSA advised plaintiff that its search revealed, inter alia, 270 pages, 1 CD-R & 1 cassette tape originating with the DEA, which were found in the U.S. Attorney's Office files and which may or may not be responsive to his request to that office. Id. The letter from EOUSA further advised that these materials would be referred to DEA for direct response to plaintiff once EOUSA received payment of search fees in the amount of $70.00. Id.[3]

On May 9, 2007, plaintiff filed his own Declaration of Demetrius McLaughlin in further support of his opposition to DEA's motion for summary judgment. (Dkt # 15). In this declaration, plaintiff again asserted that DEA's search in response to his September 2006 request was inadequate. In support, plaintiff claimed that "a DEA agent" testified at plaintiff's criminal trial, and that EOUSA "confirmed" that 270 pages and a cassette tape "with all the recovered evidence exist" and are now in the possession of the DEA. Id. at

---

demonstrated in DEA's moving papers, this material was properly withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and Privacy Act exemption (j)(2). DEA's responsive letter also pointed out that plaintiff's request for information that may be held by the Pasco County Sheriff's Office should be directed to that agency directly. Dkt # 10, Exh. B.

[3] Plaintiff also attached: 1) a copy of an application for a search warrant in a case captioned "State of Forida v. James Edward Howze, Jr. and/or Jason Wayne Meyer aka 'Fast Eddy' and 'Jason'" submitted by a detective employed by the Pasco County Sheriff's Office, and filed in the Circuit Court Judge for the Sixth Judicial Circuit of Florida in and for Pasco County; (2) a document signed by the same detective indicating that the search had been executed on August 12, 2002; and (3) snippets of the testimony of another detective with the Pasco County Sheriff's Office during plaintiff's criminal trial before the U.S. District Court for the Middle District of Florida. None of these documents indicate that the DEA had any materials in its files that were not revealed during its search in response to plaintiff's FOIA request to DEA.

3, ¶ 7. The individual who testified during plaintiff's criminal trial, however, identified himself as a detective with the Pasco County Sheriff's Office who was assigned to work with a DEA task force at the **time of the trial**, on March 9, 2004. See Pl. Opp. (Dkt. # 13) Exh. C. This detective testified that he had been assigned to work with the task force for approximately one year, thus from approximately March of 2003. Id. Plaintiff's defense counsel then drew the witness' attention to events in 2002 (before his detail to the task force) and the detective testified that he was involved in an investigation of possible methamphetamine sales and manufacturing in approximately July 2002. Id. [4] Thus, the detective's testimony did not in any way establish that he was ever a DEA agent, much less at the time of the methamphetamine investigation.

With regard to the 270 pages and the cassette tape that EOUSA referred to DEA, the terms of EOUSA's response do not confirm plaintiff's characterization of those materials as pertaining to him or to any "recovered evidence" relating to the investigation he referenced. EOUSA's response indicated that these materials were found among the files searched in response to plaintiff's FOIA request to that office but did not state any description of them as "recovered evidence" and, indeed, specifically admonished, in bold type, that these materials "may or may not be responsive to your request". See Plaintiff's Motion for Joinder, Exh. 4 (March 12, 2007 letter from EOUSA) at 2. Moreover, these

---

[4] Plaintiff's FOIA request to DEA sought records in connection with surveillance by the Aviation Unit of the Pasco County, and a traffic stop conducted by Pasco County Sheriff's Office Detectives on July 16, 2002.

materials were not referred to DEA until sometime after plaintiff paid EOUSA the outstanding fees, which plaintiff's own exhibit establishes could not have occurred until sometime after April 10, 2007, the date of the MoneyGram plaintiff asserts represents the payment to EOUSA.  See id., Exh. 6 (photocopy of MoneyGram stub).  In short, nothing in these materials demonstrates that defendant DEA's search in response to plaintiff's FOIA request to DEA was inadequate.

More to the point, these allegations do not tie this case and plaintiff's FOIA request to EOUSA together such that permissive joinder should be granted, particularly given the status of the two matters.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for permissive joinder should be denied and defendant's motion to dismiss or for summary judgment should be granted.

        Respectfully submitted,
        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney
        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney
        /s/
        MADELYN E. JOHNSON, DC Bar #292318
        Assistant United States Attorney
        U.S. Attorney's Office, Rm  E4114
        555 4th Street, N.W.
        Washington, D.C.  20530
        *(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on September 5, 2007, plaintiff was served with a copy of the foregoing via first-class mail postage prepaid and addressed:

Demetrius McClaughlin
#41297-018
FCC Coleman-USP
P.O. Box 1033
Coleman, FL   33521-1033

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135