UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRUIS MCLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2048 (RMC) |
| | ) |
| DEPARTMENT OF JUSTICE DRUG | ) |
| ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant . | ) |
| _____ | ) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION OF CLAIMS FOR RELIEF AND JUDGMENT OF DEFAULT

Defendant, the Drug Enforcement Administration (DEA), through undersigned counsel, herein opposes plaintiff's Motion of Claims for Relief and Judgment of Default. The gravamen of plaintiff's motion is that the DEA continues to withhold documents plaintiff asserts are responsive to his request. These allegations are based on a referral of potentially responsive materials found in the files of the U.S. Attorney's Office for the Middle District of Florida in response to a Freedom of Information Act request directed to that office and to the Executive Office for U.S. Attorneys.[1] The fact that the U.S.

---

[1] In his Affidavit in Support of the Motion of Claims for Relief and Judgment of Default, plaintiff alleges that he submitted a FOIA request "to the (DEA) for the middle district of florida Tampa division" citing an "Exhibit A". The instant motion and accompanying declaration do not have such an exhibit. Exhibit A to Plaintiff's Motion for Joinder, filed the same day, is plaintiff's FOIA request directed to the U.S. Attorney's Office for the Middle District of Florida. See Exh. A to Plaintiff's Motion for Joinder of Claims and Remedies (FOIA request dated September 2006 to United States Attorney, Tampa, Florida).

Attorney's Office in Florida found among its files materials that may pertain to the subject of plaintiff's FOIA request does not mean that DEA failed to adequately search its files in response to the FOIA request directed to it.  The materials found among the files of the U.S. Attorney's Office were not referred to DEA until sometime after April 10, 2007.  See Defendant's Opposition to Plaintiff's Motion for Joinder at 4-7.  EOUSA did not represent that the materials were responsive to plaintiff's request, which focuses on an investigation undertaken by the Pasco County Sheriff's Office, only that they originated with the DEA and thus would be returned to that office for processing.

Nevertheless, assuming *arguendo* that the documents are responsive, DEA's failure to locate materials that were housed among the U.S. Attorney's Office files does not mean that DEA's search of its files for responsive records was inadequate or that plaintiff is entitled to a default judgment.  First, Rule 55(e) provides that no judgment by default shall be entered against the United States or an agency thereof unless the plaintiff establishes a claim or right to relief by evidence satisfactory to the court.  For the reasons set forth in Defendant's Motion to Dismiss or for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Joinder, plaintiff has not established a right to relief.

Second, it is well-established that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured." Judicial Watch v. Rossotti, 285 F. Supp.2d 17, 26 (D.D.C. 2003); Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C. 1997) (noting that the role of the district court is to determine the reasonableness of the

search, "not whether the fruits of the search met plaintiff's aspirations"). See also Accuracy in Media, Inc. v. NTSB, 2006 WL 826070, *8 (D.D.C. March 29, 2006) (CKK) ("Speculative claims of the existence and discoverability of documents are insufficient to overcome agency affidavits."). After all, the fundamental question for the Court is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

In the instant case, and assuming responsiveness, there is no doubt as to why DEA's search may not have turned up the pages referred to it and the recordings. Plaintiff's own exhibits demonstrate that these materials were housed in the U.S. Attorney's Office for the Middle District of Florida at the time DEA conducted its search. As the response to plaintiff's FOIA request indicated, DEA does not index its records by reference to criminal case number. See Def. Motion to Dismiss or for Summary Judgment, Exh. B (DEA letter dated Feb. 26, 2007). Rather, individuals are indexed by their names, Social Security Number, and/or birth date. Id. These terms were used to search for records regarding the plaintiff. Id., Wassom Decl.

The materials EOUSA discovered have been referred to DEA for processing and if indeed they are responsive, release determinations will be made.[2] But, the fact that EOUSA retrieved and referred the documents in no way supports a judgment for default. Accordingly, that motion should be denied.

## CONCLUSION

For the reasons set forth above, and on the record as a whole, plaintiff's Motion of Claims for Relief and Judgment of Default should be denied.

Respectfully submitted,
/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney
/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

---

[2] Undersigned counsel will file a status report with the Court regarding the processing of these referred materials and requests until on or before September 28, 2007 within which to do so.

CERTIFICATE OF SERVICE

I CERTIFY that on September 5, 2007, plaintiff was served with a copy of the foregoing via first-class mail postage prepaid and addressed:

Demetrius McClaughlin
#41297-018
FCC Coleman-USP
P.O. Box 1033
Coleman, FL   33521-1033

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.   20530
(202) 514-7135