UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
    Planitiff,

vs.                                             Civil Action No.06-2048 (RMC)

DEPARTMENT OF JUSTICE,
    DRUG ENFORCEMENT AGENCY,
    Defendant,
_____/


PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION OF DOCUMENT,

OR IN THE ALTERNATIVE, FOR REVIEW SEGREGABILITY


   Pursuant to Fed.R.Civ. P. 7(a)(c), the moving Plaintiff hereby move this Honorable Court for and In Camera Inspection. In the alternative, the Court is asked to determine segregability of the requested documents, in favor of the moving Plaintiff, pursuant to Fed.R.Civ.P 8 (a) (3), because the withholding of the requested documents and production of information has been action of arbitrary, capricious by defendants, and the Plaintiff is entitle to relief an a judgment as a matter of law. The Court is respectfully referred to the accompanying memorandum and to the statement of material facts accompanying this motion.



R̶E̶C̶E̶IVED

̶ ̶ ̶3 2007

N̶A̶N̶C̶Y̶ ̶ ̶ ̶ ̶ ̶T̶O̶N̶, CLERK
̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶C̶O̶U̶R̶T

RECEIVED

NOV 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
    Planitiff,

vs.                                            Civil Action No.06-2048 (RMC)

DEPARTMENT OF JUSTICE,
    DRUG ENFORCEMENT AGENCY,
        Defendant,
_____/

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION

FOR IN CAMERA INSPECTION OF DOCUMENTS OR, IN THE ALTERNATIVE,

FOR REVIEW OF SEGREGABILITY

This case arise from the Freedom of Information and Privacy Act requests that were filed by Plaintiff. That pertains to the Defendant's DEA, and EOUSA, of their failure to adquately process the requests of the Plaintiff. The Declaration of Demetrius Mclaughlin, that shall explain and provide that there still and Genuine Issue in Dispute. That there is reason for granting the requested relief of a In Camera Inspection of Documents or In the Alternative, For Review Segregability. In support thereof states the following:

STATEMENT OF FACTS

Plaintiff incorporate herein as the statements of facts, the Statements of Material Facts. That exists of a Genuine Issue in Dispute.

ARGUMENT

Standard for In Camera Inspection of Documents.

In a FOIA/PA action, In Camera Inspection or Review of Documents would be appropriate. For a requester has a due process right under FOIA/PA. Lykins vs. United States Dep. of Justice, 233 US App DC 349, 725 F. 2d 302.

Plaintiff, contends that in the instant case at bar, and In Camera Review is necessary. Due to defendants assertion in the exemption can not be evaluated. Lawyer Committee for Human Rights vs. INS (SD NY), 721 F.Supp 552. Here the defendants has not justify the withholding of the documents or the redacting of requested information. That the inserted exemption is insufficient in its description of the records and its exemption from disclosure. Pennington vs. Washtenaw County Sheriff, 125 Mich App 556, 336 NW2d 828.

Furthermore, defendant makes no-more than a broad allegation that the requested records, documents, and information relates that material is exempt. This action of the defendants in redacting and withholding is also insufficient to overcome the presumption that the records are not open for inspection, and can not justify the categorical denial of all access to the requested, information, material. Konigsberg vs. Coughlin, 68 NY2d 245, .

The statute 5 U.S.C.§552 (a)(4)(B)[1] of FOIA requires the Court to make the determine propriety of withholding records. The Court could examine the contents of an agency records in camera to determine whether such records or any part of them, are withheld under any of

the exemptions of the Freedom of Information Acts. <u>Carter vs. U.S. Dept. of Commerce</u>, 830 F.2d 388 (D.C. Cir.1987). In <u>N.L.R.B. vs. Robbins Tire & Rubber Co</u>, held that the Court is entrusted in its discretion when determining the propriety of conducting an in camera inspection, 437 U.S. 214, (1978).

That the Court decision to exercise its discretion to review material in camera in an FOIA case ultimately involves consideration of four factors. <u>Ingle vs. Department of Justice</u>, 698 F.2d 259(6th Cir.1983). In <u>Carter vs. U.S.</u>, supra, held that the trial court broad discretion regarding in camera inspection is limited by the statutory duty to make a responsible de novo determination. That in exercise the discretion, after considering all relevant factors, the could deem the request of in camera inspection to be appropriate. <u>Donovan vs. F.B.I.</u>, 806 F.2d 55,(2d Cir.1986).

The in camera inspection procedure could be employed in rare cases where the agency resisting disclosure. After being provide with a detail description of the nature of the material sought, the purpose for which it was produce or used, and similar relevant factors, fails to sustain its burden of showing that a specific statutory exemption applies or that a specific documents is not an agency record. <u>Capital Newspaper Div. of Hearst Corp. vs. Whelen</u>, 113 A.D.2d 217 495 N.Y.S2d 979,(3d Dep't 1985).

The In Camera Inspection may be required for a court to determine whether the custodian's reasons for not disclosing a document are sufficient to outweigh, a common-law right of access to public records to balance the Plaintiff's interest in the information against the public interest in confidently. <u>South Jersey Pub. Co., Inc. vs., New</u>

Plaintiff, further assert that this case should apply as a rare case, for In Camera Inspection. That (1) the requested, documents, records and Information pertaining to a violation of Brady vs. Maryland, 373 U.S. 83, (1963) That (2) the agencies were provide with a detail description of the nature material sought. In (a) both request specifically requested any and all documents, records and information that were compelled to the surveillance. That were used and participated in the investigated Traffic stop on the 16th day of July 2002. That (3) the agencies further failed to sustain its burden of showing that a specific statutory applied to the requested material and why. Capital News paper Div. of Hearst Corp. vs. Whelm, supra.

Furthermore, asserts that an In Camera Inspection is required here, because the requested documents, records, and information sufficiently outweighs. That of the agencies reason for not disclosing the requested information. Hertzberg vs. Veneman, 273 F.Supp. 2d 64 (N.C. 2003). As in South Jersey Public Co., Inc. vs. New Jersey Expressway Authority, Supra, here plaintiff right-of access to public record and information outweighs the Public interest in confidentiality.

Plaintiff, asserts that the defendants Vaughn Index has failed to and cannot resolved the dispute regards to the requested information. U.S. Dept of Justice vs. Landano, 508 U.S. 165, 124 L.Ed 2d 84, (1993).

As in <u>Carter vs. Dept. of Commerce</u>, Supra, here Vaughn Index of defendants do no-more than re-cites the statutory standards. Defendants made no-attempts to provide the justification for its claim exemption, nor provide any sufficient basis for its or their decision. Thus, an In Camera Inspection review of the requested information or material is proper. As well of insufficient Vaughn Index of Defendants. <u>Lewis vs. I.R.S.</u>, 823 F.2d 375 (9th Cir. 1987). As in <u>Grune vs. New York State Dept. of Correctional Service</u>, here defendant fail to provide sufficient basis for blocking in Vaughn Index February 24, 2004, mark page 68 of Tom Leo <u>Report of Investigation</u> 2 of 5 paragraph 3. The new corrected Declaration of Leila Wassom, page marked 134 paragraph 3. page of 2 of 5. <u>166 A.D. 2d 834, 562 N.Y.S. 2d 826 (3d Dept. 1990)</u>.

 Plaintiff, further asserts that this case is a rare case to utilize an In Camera Inspection, because disputed documents, records, and information is related to the requests. An is (4) few in numbers, where in defendants February 24, 2004 response responded that 35 pages were responsive to the request. But released only 20 pages in portions and two (2) pages in their entirety. That 13 pages remained unreleased. An (b) in the new Declaration, in response to the 240 pages that had missed. There were 41 pages in portion and 122 pages released in their entirety. The DEA processed 196 pages and 163 pages was released, But 33 page were withheld in their entirety, total of 46 pages withheld and missing.

Whereas, (C) the EOUSA responded to Plaintiff request stating that (640) pages was responsive to the request. That he would receive 29 pages in full and 12 pages release in part. Plus 164 pages are to be withheld in full. Thus 599 pages withheld without any reason as to why they are being withheld.

Furthermore, contend by Plaintiff, that an In Camera Inspection is necessary in this case. Due to agencies misusing of the exemption to conceal nonexempt information. That the Agencies has acted in bad faith when not releasing the requested information nonexempt information. As <u>Carter vs. U.S. Dept of Commerce</u>, supra here the DEA Tom Leo released his Report of Investigation to the EOUSA of the events occurred on the 16th day of July 2002. In his Report of Investigation report pages 1 of 5 page 2 of paragraph 3. The EOUSA released the very same information to counselors of the defense without it being block. <u>Detroit Free Press</u> vs. <u>U.S. Dept. of Justice</u>, 174 F.Supp 2d 597 (E.D.Mich 2001).

Wherefore, Plaintiff, asserts that there is a Guine issue still in dispute as to the defendants unexcused acted in redacting the requested information. That he is trying to obtain the information that block in paragraph 3. of page 2 of 5. That pertains to his request, is now requesting for In Camera Inspection by this Court to resolve the dispute..

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
    Planitiff,

vs.                                           Civil Action No.06-2048 (RMC)

DEPARTMENT OF JUSTICE,
    DRUG ENFORCEMENT AGENCY,
        Defendant,
_____/

PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS WHY REASON EXIST
FOR IN CAMERA INSPECTION, OR IN ALTERNATIVE SEGREGABILITY REVIEW

Pursuant to Fed.R.Civ. P 8 (a)(3), the Plaintiff hereby submits lthe following statements of material facts as to the reason that exist for a In Carmera Review of Documents. The Declaration of Demetrius Mclaughlin, Plaintiff, and in support the statements:

1). On the 27th day of Feb. 26, 07, defendants responded to Plaintiff Complaint by filing the motion to dismiss or In the alternative for Summary Judgment. Accompanying the motion, defendant release portion twenty (20) pages and two (2) pages in their entirety. That thirteen pages were withheld in their entirety, pursuant to FOIA exemptions of (b)(2), (b)(7)(C), (B)(7)(D), and (b)(7)(F), and Privacy Act exemption (j)(2). Page 2 ¶ two (2) of the Statement of Material Facts.

2). The defendant's held that they found 35 page responsive material to Plaintiff requests. That the requested information were criminal investigatory datacomplied for law enforcement purpose. That out of the 35 pages only 22 pages was release to Plaintiff.

3). On the 10th day of March 10, 07, Plaintiff file and appeal to the U.S. Department of Justice. The Drug Enforcement Administration in the Office of Chief Counsel of the Administrative Law Section. Appealing that the Vaugh Indix for the thirteen page that was withheld. That the vaugh index was not specific in regards to page No.2, 27-28 ¶ 3 document. An Objecting to the failure to search field branch of Tampa Fl. That the Plaintiff, contending that the withholding and the action was arbitrary and capriciously. The Administration never responded to the Appeal. See Exhibit (A).

4). On or about March 2007, Plaintiff filed a motion In opposition and objection to defendant's motion to dismiss or in the alternative summary judgment. That Plaintiff, contend the defendant's had failed to (1) conducted and adequate search. Thereby, missing 272 pages, (1) CD-R, and (1) cassette tape that was responsive the request.

5). On or about September 2007, Defendant's file a motion of Opposition to Plaintiff's motion of Claims for Relief and Judgment of Default.

6). On or about September 2007, Defendant's Motion of Opposition to Plaintiff's Motion For Joinder of Claims and Remedies and In Further Support of the DEA'S Motion for Summary Judgment. The Defendant's, contend that the Court should that the permissive joinder is not required and not appropriate here. That in the instant case is ripe for resolution while EOUSA involved or referral to DEA would be in incipient stages. That it was unclear from the record whether Plaintiff had exhausted the administrative appeal process with regard to the disposition of the request to EOUSA. That Plaintiff should not be permitted to ignore the process simply because he already had a FOIA case pending in the District Court. Furthermore, contending that the allegation do not tie

the Plaintiff FOIA request to EOUSA togther such that permissive joinder should be granted, in particularly with the status of the two matters.

7). On the 20th day of September 2007, Plaintiff responded to the Defendant's Opposition To Plaintiff's Motion For Joinder of Claims and Remedies and In Further Support of the DEA'S Motion For Summary Judgment.

8). Plaintiff assert that the Fed.R.Civ. P. 20(a) Permissive Joinder, is appropriate, because both the DEA and EOUSA (1) the assert right to relief are the same and can be jointly, (2) the claims arise out of the same occurrence and that the facts is common to both defendants in the action. (3) the assert claim to relief in as the original claim.

9). Defendant's file on the 04th day of October 2007, Motion of Errata Filing Corrected Declaration of Leila I. Wassom, and a Defendant's Status Report to the Court.

10). In the Errata Filing, concedes that the search was inadequately conducted. Now tries remedy the oversight, apologizes for any inconvenience and delay in correcting the error.

11). In the corrected Declaration of Leila I. Wassom. The Defendant continue to act arbitrary and capriciously. By redacting the request information that pertains to Plaintiff request. In redacting the contain information mark on page 28 of 2 of 5 Report of Investigation, ¶ 3 of the first Vaugh Index February 27, 2007. An now mark on page 134 ¶ 3 of Report of Investigation page 2 of 5 in the now new corrected Declaration of Leila Wassom. That was part of the release of 270 pages derive from the DEA investigation. The block information is the very sole of the requested infromation in regards of the traffic stop.

12). In the month of June 2007, Plaintiff file with this Court for Joinder and Remedies. Requesting the Court to join with defendant

EOUSA with DEA as part of the complaint that was file in September 2006. The Court is let to rule on the Motion for Joinder of Claims and Remedies.

13). In the month of September 2006, by form of a letter Plaintiff sent to the Tampa office of EOUSA. The letter requested any and all records, reports, documents and information. In regard of the investigation and traffic stop on the 16th day of July 2002. This was sent certified. See Exhibit (B).

14). On the 09th day of October 2006, Plaintiff filed and appeal. Stating the Branch had failed to respond to the request as required under the statute. That he consider the requested material to be clearly releasable under FOIA. Asking the agency to reconsider the agency denying his request. See exhibit (C)

15). The month of December 13, 2006, a appeal was file by Plaintiff. He were appealing the failure of the Agency (EOUSA) had failed to expedite as was stated in its letter. That was informing agency, he consider their policy to arbitrary and capriciously and the agency was in violate FOIA statute. See exhibit (D)

16). Plaintiff, submitted a second letter to the agency. That he no longer wish to have his request reduce, but now requesting all information and for material to be expedit. The letter dated the December 12, 06. See exhibit (E).

17). In the month of January 2007, Plaintiff file appeal to the Head office on 1425 New York Ave. Suite 11050 Washington D.C.. That pursuant to the statute of FOIA, he had not received any respond or the first 100 page. See exhibit (E).

18). On the 29th day of March 2007, Plaintiff filed a appeal to the EOUSA. The appeal informed the office of (1) objecting that out

of 640 page he was only receiving 200 or so pages, (2) that the agency was trying extra charge him for the documents he original requested of any and all records. Therefore, he should not have to re-submit a request to receive the request records. That he is entitle to the documents and that are apart of his request. See exhibit (F).

19). In the month of May 2007, Plaintiff file the request under the FOIA §552 §552a. The request was in regards to the one (1) thousand page of public records, that is in the possession of the agency. The request, requested (2) any and all documents, records, and information in connection with the investigation. That (3) also requested the copy information of the search warrant from August 10, 2002, that is part of the investigation and the Aviation Unit fight plan. For both dates of August 10, 2002 and July 16, 2002. That also participated in the investigation by providing assistance. See exhibit (G)

20). Plaintiff, file a appeal with the head office in the form of a letter. That (1) the agency failure to file an index of the document that was withheld, and (2) appeal the agency failure to release copies of the police reports of July 16, 2002. That (3) failure the agency to release the one thousand pages and the 1 CD-R an 1cassette tape. See exhibt (H).

21). In the month of July 2007, the EOUSA, sent the form ask me to Choose One. That inform Plaintiff of the alleged 100 hundred page and two hour he would receive free. That yet to be provide. One from was sent back to each office. See ehibit (I).

## CERTIFICATE OF SERVICE

I DEMETRIUS MCLAUGHLIN, hereby certify that a true an correct copy of the foregoing Motion For In Camera Inspection of Documents, Or In The Alternative, For Review Segregability and Statement of Material facts, Memorandum of Law, has been furnished to the prison mailroom to be delivered and served by U.S. Mail to all interested parties on this 08th day of November 2007..

Respectfully Submitted

*[signature]*