UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEMETRIUS MCLAUGHLIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-2048 (RMC) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff Demetrius McLaughlin challenges the Drug Enforcement Administration ("DEA")'s response to his request for records. Pending before the Court are DEA's motion to dismiss or for summary judgment [Dkt. # 10] and Mr. McLaughlin's motion for joinder of claims and remedies [Dkt. # 17]. In the latter motion, which DEA has opposed, Mr. McLaughlin seeks to join a claim arising from a separate FOIA request to the Executive Office for United States Attorneys ("EOUSA"). Because the claim sought to be joined stems from a request independent of the request to DEA, the Court finds joinder unwarranted and, therefore, will deny Mr. McLaughlin's motion.[1] Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part DEA's motion for summary judgment.

---

[1] The Court's FOIA jurisdiction depends on an agency's improper withholding of responsive records in its custody and control at the time of a FOIA request made pursuant to published rules of the particular agency or component. 5 U.S.C. §§ 552(a)(3)(A), (4)(B). It would not be prudent to join a new defendant and a new claim at this late stage of the proceedings and when, as DEA contends, it is unclear whether Mr. McLaughlin has even exhausted his administrative remedies with EOUSA.

## I. BACKGROUND

On September 15, 2006, Mr. McLaughlin requested all records pertaining to a criminal investigation by DEA's Tampa Office and the Pasco County, Florida, Sheriff's Office into the manufacture of methamphetamine in Pasco County between May 2002 and March 2004. Mr. McLaughlin also requested records pertaining to his criminal case, No. 8:03-CR-266-T-17MSS. Decl. of Leila I. Wassom ("Wassom Decl.") [Dkt. # 24], Ex. A.

On February 26, 2007, during the course of this litigation, DEA released to Mr. McLaughlin 20 pages of information – 18 in part – and withheld 13 pages of information in whole. DEA withheld information under FOIA exemptions 2, 7(C), 7(D) and 7(F), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), *see* 5 U.S.C.§ 552a. Wassom Decl., Ex. B. On February 27, 2007, DEA released additional portions of two previously released pages, citing FOIA exemptions 2, 7(C) and 7(F) as the bases for withholding information. *Id.*, Ex. C.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir.1994). In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving

party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The mere existence of a factual dispute is not enough to bar summary judgment, and the non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See Anderson*, 477 U.S. at 247-48; *Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Finally, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law. *Miscavige v. IRS*, 2 F.3d 366, 360 (11th Cir. 1993); *Alyeska Pipeline*, 856 F.2d 309, 313 (D.C. Cir. 1988); *Weisberg v. DOJ*, 627 F.2d 365, 368 (D.C. Cir. 1980). Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The Court may award summary judgment solely on the basis of information provided in such affidavits or declarations when they

describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When, as here, an agency's search is challenged, the Court must determine the adequacy of the search, guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). The agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby*, 920 F.2d at 68. Such methods include following through "on obvious leads." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citation omitted). Although an agency need not search every record system, it "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68. Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby*, 920 F.2d at 68). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Id*.

### III.  DISCUSSION

Mr. McLaughlin does not challenge, and therefore concedes, DEA's bases for withholding information from the records that were released to him. He does question DEA's

search, however. DEA reasonably interpreted Mr. McLaughlin's request as seeking "criminal investigative records . . . that referenced or related to [him] or were referenced by [his] name." Wassom Decl. ¶ 9; *see* Decl. of Demetrius McLaughlin [Dkt. # 15] ¶¶ 3-4. DEA determined that such records were likely to be located in its Investigative Reporting and Filing System ("IRFS"). Ms. Wassom describes this system as containing "all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes." Wassom Decl. ¶ 10. She further explains that IRFS records are located by searching DEA's index, the Narcotics and Dangerous Drugs Information System ("NADDIS"), by an individual's name, social security number and/or date of birth. *Id*. ¶ 12. DEA's search of NADDIS by all three identifiers identified 33 pages of records responsive to Mr. McLaughlin's request. *Id*. ¶¶ 13-14.

Mr. McLaughlin contends that had DEA searched its Tampa Field Office, it would have located another 270 pages of responsive records that were revealed to him in response to his request to EOUSA. Pl.'s Mot. in Opp. and Objection to Def.'s Motion to Dismiss or, in the Alternative, for Summ. J. at 1-2. DEA has not refuted Mr. McLaughlin's suggestion that it failed to search an obvious location, *i.e.*, its Tampa Field Office, and its description of the search does not define the range of IRFS and NADDIS. The Court therefore is without sufficient evidence to determine whether the filing systems that were searched encompass records housed at the Tampa Field Office. Accordingly, the Court will deny DEA's motion for summary judgment on the search issue without prejudice to reconsideration after DEA has provided a more detailed description of the filing systems searched.

## IV. CONCLUSION

For the foregoing reasons, Mr. McLaughlin's motion for joinder will be denied.

DEA's motion for summary judgment will be granted on the claimed exemptions and denied without prejudice on the adequacy of the search, and all other pending motions will be denied as moot. A memorializing order accompanies this Memorandum Opinion.

Date: January 15, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge