IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,


vs.                                Civil No.06-2048(RMC)

DEPARTMENT OF JUSTICE,
        Defendants,
_____/


PLAINTIFF'S RULE 60(b)(1)(4) and (6), MOTION FOR RECONSIDERATION
OR IN ALTERNATIVE CERTIFY THE RULING OF SUMMARY JUDGMENT


The Plaintiff, pursuant to Fed.R.Civ.Proc. RUle 60(b)(1)(4) and (6), the moving Plaintiff hereby respectfully request this Honorable Court to reconsider its ruling granting Summary judgment in part. In the alternative Court is ask to grant this request to certify the Order in favor of the moving Plaintiff, pursuant to Fed.R.Civ.Proc. Rule 54(b), because the still exist an genuine issue in dispute as regards of whether the requested documents, records, and information has been released. The is respectfully referred to the accompany statement of material facts and memorandu of law and Declaration accompanying this Motion.


                              Respectfully Submitted


                              DEMETRIUS MCLAUGHLIN
                              REG#41297-018
                              P.O.BOX 1033
                              COleman, FL33521

**RECEIVED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
     Planitiff,


vs.                                    Civil    Action    No.06-2048    (RMC)


DEPARTMENT OF JUSTICE,
     DRUG ENFORCEMENT AGENCY,
          Defendant,
_____/



PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHY
REASON EXIST TO GRANT RULE 60(b)(1)(4) MOTION FOR
RECONSIDERATION OR IN THE ALTERNATIVE CERTIFY
SUMMARY JUDGMENT...


The Plaintiff, pursuant to Fed.R.Civ.Proc. Rule 8(a)(3), the moving Plaintiff hereby submits the following Statement of Material Facts as to why reason exist for the Court to grant this Motion For Reconsideration of it's judgment for Summary Judgment. The Declaration of Demetrius Mclaughlin, Plaintiff, and in support states the following:

1. In the month of September 2006, Plaintiff filed the reuqest with the DEA in t he field Office of Tampa as well with the Office Washington D.C.. The requested any and all records, reports, documents and information in regard to the traffic stop on July 16, 2002, as long with information o fthe participation of DEA..

2. In the month of March 10, 2007, Plaintiff file the Motion In Opposition and Objections to defendants motion to dismiss. The Motion asserted that the defendants had failed to conduct an adequate search for the requested records, reports, documents and information.

That as a result of such failure to conduct an adequate search. The agency miss 270 pages one (1) CD-Rom and one (1) cassette tape as well one thousand page of records. That were in the position of the DEA and was provide to EOUSA by DEA.

3.) In the month of December 2007, the EOUSA, in letter stated that in regards to the comments about state records, that have been referred the records to DEA. Therefore, DEA now in possession of documents, reports, records, and information the has been requested by Plaintiff. And has made not attempt to inform Plaintiff of such information exist, so no desire in turn them over. See Attachment ( )

4.) On the 15th day of January 2008, this Court enter the Order granting the Defendant Summary Judgment. The DEA has since then been in position of the one thousand documents, records, reports, and information before this Court enter it's Order. And yet the DEA still made no attempt to release the requested information to Plaintiff, that pertains to the request. Whereas, its now clear that the agency has not show or acted in good faith in releasing the requested documents, reports, records, and information to Plaintiff.

Wherefore, of the foregoing reasoning stated above . Plaintiff ask this court to grant the Rule 60(b)(1)(4), Motion For Reconsideration of this Court judgment.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
P.O.BOX 1033
Coleman, Fl 33521

CERTIFICATE OF SERVICE

I, DEMETRIUS MCLAUGHLIN, hereby certify that a true and correc

copy of the foregoing Declaration of Demetrius Mclaughlin, and

Statement of Material Facts as to why reason exist to grant 60(b)

Memorandum of law to support Rule 60(b), that has been place in

the prison authority to been U.S. mail to deliver to the interest

parties stated below on this _24_ day of March 2008.

William C. Little Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537


MADELYN E. JOHNSON,
Assistant United States Att.
U.S. Attorney's Office, Rm 114
555 4th Street, N.W.
Washington, D.C. 20530


Respectfully    Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
P.O.BOX 1033
Coleman, Fl, 33521

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,


vs.                                    Civil No.06-2048(RMC)


DEPARTMENT OF JUSTICE
DEA,
     Defendant,
_____-/


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RULE 60(b)(1)(4) AND
(6), MOTION FOR RECONSIDERATION  OR  IN  ALTERNATIVE CERTIFY THE
RULING OF SUMMARY JUDGMENT....

### I. INTRODUCTION

    This case arises under the 5 U.S.C.§ 552, of the Freedom of

Information Act. The Declaration of, Demetrius Mclaughlin, will

explain the reason exist for the Rule 60(b)(1)(4) and (6), Motion

For Reconsideration or in alternative Certify the ruling of the Summary Judgment. In suppport hereof

states the followings;

### II. JURISDICTION

    This Honorable Court has jurisdiction to heard and address

the merits of this Motion For Reconsideration or Certify the Ruling

in compliance with Fed.R.Civ.P. Rule 54. Whereas, due to excusable

neglect on part of Movant being to present the claim of additional

1,000 pages that exist and pertain to the original request.

ARGUMENT.

Here in the instant case, Movant asserts that it is through (1) excusable neglect of being unable to present to this Court that the defendants in possession 1,000 pages of documents that pertains to the request. That allowed this Court to enter the of Summary judgment against Plaintiff. That this Court is ask to reconsider in complaince with Rule 54 of the Fed.R.Civ.P, of its Order because (2) it would be manifest injust to allow the defendants not to release requested information that contain in 1,000 page. And (3) it would further be manifest injustice allow the defendant to presumme that FOIA exemption 7(D) all law enforcement information.

Whereas, this Honorable Court enter the of Summary Judgement in-part for defenants, and denied in-part. This ruling was held to be the result of declaration demonstrated. That the nondisclose documents, withheld logically falls within the claimed exemption, and no evidence in the record of contrary, or evidence of agency bad-faith.

Thus it has been held by the Court, that in <u>Cannon vs. Paulson</u>, a Summary Judgment may be granted if the pleadings the discovery and any affidavits show that there is <u>no genuine issue as to any material fact</u> and that the moving party is entitled to judgment as a matter of law. 2008 U.S. Dist. Lexis 201, January 03, 08. The Court went to state, a dispute over a material fact is genuine if the evidence is such that a reasonable jury could have return a verdict for the non-moving party. (quoting Anderson vs. Liberty Lobby Inc., 477 U.S. 242, (1986), a fact is material if might affect

the outcome of the case under the substantive governing law.

A recent discussion of Summary judgment by the Supreme Court, in <u>Scott vs. Harris</u>, ____ U.S. ____ 127 S.Ct 1769, 1776 (2007) the Supreme Court said.

ǁa]s we have emphasized, ǁw]hen the moving party has carried its burden under Rule 56(c) its oppeonent must do more than simply show that there is some metaphysical doubt as to the material facts... where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. <u>Matsushita Elec. Industrial Co. vs. Zenth Radio Corp.</u> 475 U.S. 524, (1986) footnote. ǁT]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise property supported motion for summary judgment; the requirement is that there is no genuine issue of material fact.

Supreme Court went to hold , consistently emphasized that at the summary judgment stage, the judge's function is not ... to weigh the evidence and determined the truth of the matter but to determine whether there is a genuine issue is for trial. Liberty Lobby supra 477 U.S. at 248..

In both <u>Liberty lobby</u> <u>supra</u> and <u>Reeves vs. Sanderson Plumbing Products Inc.</u> 530 U.S. 133,(2000), the Supreme Court cautioned that ǁC]redibility determination the weighing of the evidence and the drawing of legitimate inference from facts are jury functions not those of a judge deciding a motion for Summary judgment. Liberty supra.

The Court went on to hold, that in assessing a motion for Summary judgment and reviewing the evidence the parties claim they

will present, the Court must draw all reasonable inferrence in favor of the non-moving party. Reeves supra, 530 U.S. at 150.

This Circuit, held that to survive a motion for summary judgment the party bearing the burden of proof at trial .. must provide evidence showing essential to that party's claim. see Celotex Corp. vs. Catrett, 477 U.S. 317 (1986), Footnote 3 it should be noted that a non-movant's affidavit may suffice to defeat a summary judgment motion if the parties sworn statements are materially different. Greene v. Dalton, 164 F.3d 671(D.C. Cir.1999).

The Court in Greene v. Dalton, held that the non-moving party must present specific facts that would enable a reasonable jury to find in its favor. 334 U.S. App. D.C. 350; 963 F.3d 671,(D.C. 1999). Here the District Court, granted Summary Judgment for the Navy on Greene's claim for sexual harassement. The Supreme Court, held that the district court quite clearly invaded the province of the jury. Greene submitted a sworn affidavit stating that clause had harassed and raped her and that the proffered dairy suggesting otherwise was forgery. That if true, the allegation are indisputably sufficient to support a verdict against the Navy. citing, Gray v. Long, 313 U.S. App. D.C. 403; 59 F.3d 139(D.C. 1995). Though the allegation maybe false. That is a question not for the Court however but for the jury.

That in Greene, supra, accepted the proposition that a non-moving party's affidavit ‖is] sufficient to defeat summary judgment in the ‖the] face of contradicting testimony. That Appellant, has the better of the dual, because Greene clearly states that a plaintiff may **defect a summary judgment granted to defendant**

**if the parties sworn statements are material different.**

In <u>Lemmons v. Georgetown Univ. Hosp.</u>, held that a Rule 60(b)(1), reviewed that the Court cannot find that there is an intervening change of controlling law the availability of new evidence, or the needed to correct a clear error or prevent manifest injustice sufficient to grant the plaintiff's motion for reconsideration pursuant to Rule 59(e), let alone the more demanding Rule 60(b) standard.

Whereas, a Rule 60(b)(1)(2), on a motion and for just terms the court may relieve a party or its legal representative from a final judgment or order or proceeding for the following reason: (1) mistake inadvertence & excusable neglect; and (2) NEWLY discovered in time to move for a new trial under rule 59(b).

Wherefore, the Fed.R.Civ.P. Rule 54(b) permits a court to revise or reconsider any order which adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties that is, any order of interlocutory judgment at any time before the enter of judgment adjudicating all the claims and the rights and liabilities of all parties.

It has been held the standard for a Rule 60(b), for reviewing a final order is stricter than the standards applicable to an interlocutory order, citing <u>APCC Servs. v. AT & T Corp.</u> 281 F.Supp. 2d 41,(D.D.C.2003)(noting that Rule 60(b) requires a showing of manifest justice while an interlocutory order may be revised as justice requires pursuant to Rule 54(b).

Therefore, the Court must conclude that while the defendant's motion for reconsideration should have been reviewed under the

interlocutory order standard of reviewed articulated in Rule 54(b), that analysis would have resulted in the same conclusion. <u>Lands Alliance v. Norton</u>., 2004 U.S. Dist.lexis 27533; June 02, 04.

It has been held that under Fed.R.Civ.P. Rule 60(b)(6) relief should be only sparingly used. It would apply only to extraordinary circumstance. But nevertheless, a party whom timely present a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifest unjust, reconsideration under Rule 60(b)(6), is proper even though the original failure to present that information was inexcusable.

In <u>Hall v. CIA</u>, the District Court properly construed Hall's motion for reconsideration as on made under Rule 60(b)(1), motion is rare: such much allow district court to correct only limited types of substantive error. 369 U.S.App. D.C. 346,(11-08-05). <u>D.C. Federal of Civic Ass'ns v. Volpe</u>, 172 U.S. App. D.C. 51; 520 F.2d 451,(D.C. Cir.1975). Within the time for appeal from the amend final judgment, appellant filed a motion for reconsideration under Fed.R.Civ.P. Rule 60(b)(1), urging the district court to modify its order and award att. fees. Holding that the United States Supreme Court reversed, Appellant followed the proper course by filing a Rule 60(b)(1), motion. The district court abuse its discretion, <u>Computer Professionals For Social Responsibility v. U.S.</u> 1994 U.S. Dist. lexis 14372;

In <u>APCC Serv's v. AT&T Corp.</u> The Court granted the aggregators motion for reconsideration, vacated the order dismissing the aggregators claims, and denied the motions to amend as moot. 281 F.Supp. 2d 41, (D.D.C. 2003).

In <u>Department of Justice v. Landaro</u>, in which it held that the government supplying information to law enforcement agencies

in the course of criminal investigations are confidential source within the meaning of FOIA exemption (7)(D). 508 U.S. 165, 124 L.Ed 2d. 84, (1993).

## CONCLUSION

Therefore, Movant asserts that in this Honorable Court decision to reconsider the Order of Summary judgment, pursuant to Fed.R.Civ.P. Rule 60(b). The Court is respectful ask to (1) reconsider the summary judgment in regard as the defendant has failed to release the documents, reports, records, and information, of the surveillance and (2) excusable neglect being unable argue that defendants was in possession 1,000 pages that had not been release and was still withholding information. That (3) find that the defendants is still in possession of the requested documents and its manifest of unjust to allow the not release the requested information. Hall vs. CIA, supra.

CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a true correct copy of the foregoing Declaration of Demetrius Mclaughlin, and Statement of Material Facts as to why reason exist to grant 60(b), Memorandum of Law to support Rule 60(b), that has been given to the prison authority to be place in the U.S. Mail for deliver to interest parties stated below, postage prepaid on this 25/ day of March 2008.


William C. Little Jr.
Senior Attorney
Drug Enforcement Administrative
Washington D.C. 20537

MADELYN E. JOHNSON,
AUSA
U.S. Attorney's Office, Rm 114
555 4th Street, N.W.
Washington D.C. 20530


Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
P.O.BOX 1033
Coleman, Fl, 33521

–7–

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,

vs.                                    Civil No.06-2048(RMC)

DEPARTMENT OF JUSTICE,
        Defendants,
_____/


DECLARATION OF DEMETRIUS MCLAUGHLIN


I Demetrius Mclaughlin, declare as follows:


I Demetrius Mclaughlin, being first duly sworn, depose and make under oath that the following Declaration, is pursuant to Title 28 U.S.C.§ 1746, that every statement in support of the Declaration is correct and true to the best of my knowledge and behalf.

1.) My name is Demetrius Mclaughlin, I am over 18 years of age, and I reside at the Federal Correctional Complex 846 N.W. 54th Terrace Drive, Coleman, Fl, 33521, and I am competent to make this declaration and that every thing is true and correct.

2.) The purpose of this declaration is to support the 60(b), Motion and to provide this Court with the facts and to Object. That (1) objecting to defendant's declaration (2) that the DEA search for the requested records, report, documents and information was an inadequate search. That (3) there still exist and genuine issue in dispute as to the material fact.

**RECEIVED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Correspondance

3.) By letter dated September 15, 06, I Demetrius Mclaughlin, made a request for any and all records, reports, documents and information regarding myself and the investigation, arrest concerning myself, in the Middle District of Florida, Tampa Division and Washington D.C. see Compliant.

5.) The Notice of Appeal was file in each Office, after not receiving any response from either Office within the ten days. The Compliant was file with the Court, approximately 90 days after the failure of the defendant to answer.

The Objection to Declaration..

5.) The Declaration of William C. Litter Jr., in response to the Court's Order and Memorandum Opinion dated January 15, 08, and supplement previous declaration of Leila Wassom dated March 08, 07 and October 04, 07.

6.) In paragraph 13, 24 of page 4 of 9 declaration, Mr. William, asserting that the DEA conducted it's initial processing of plaintiff's original request on December 15, 2006. That 31 page of material was located through SARO and deemed responsive to the request.

7.) This assertion by defendant's and Mr. William is in correct because it wasn't until after Plaintiff had submitted the complaint with the Court and was order to respond. Thereby, violating the statue of 5 USCS§ 552, and both the field office of Middle District of Tampa as well as the head office in Washington D.C. did not respond in the require time.

-2-

8.) In paragraph 14,15,16,17,18, asserts that the 270 pages of materials, one (1) CD-Rom, one (1) audio cassette tape that where position of (EOUSA), and referred DEA. That an examination by DEA of the material show only 18 page originate with DEA 123 pages were unmarked unidentified photographs and 56 page were document originate with Pasco County Sheriff's office. The material were processed by DEA.

9.) Despite the assertion of defendant, of where the documents, records, reports, and information originated from. Such documents, records, reports, and information were use by DEA to build its case against Plaintiff. Therefore, at one point in time the DEA were in the possession of such documents. Whereas, in 5 USCS§ 552(a)(2)(A), defendant has not followed or complied with said statue.

10.) The Plaintiff, further object to assertion of (1) the fact that 270 pages that was referred to DEA by EOUSA, does not constitute back faith on the part of DEA. And (2) defendants, as to the records, reports, documents, and information could be explained for such information not being DEA files. That the DEA not providing Plaintiff with the material pursuant to his direct request, as a function employed by FOIA and procedures employed by DOJ, and EOUSA and DEA, for components of the Department. And objecting that two (2) individuals who were fugitives and DEA reports being retained in the field file of being relevant to the prosecution of Plaintiff and other individual had been provide to AUSA assigned yet to be prosecuted.

11. This assertion by defendants is not true and incorrect as to such documents, records, reports and information could be

explain for not being in the field file. That first, this is un-excusable because statue 5 USCS§ 552[1](a)[2](2), [3](A) and [4](D), [5](3)[6](B), and second, the file were always in DEA position due to the fact detective Paul Thompson of the Pasco County Sheriff's Office was also with the DEA task force member. see attachment (A). Three, in regard to the two individual being fugitives is irrelevant to Plaintiff request because (a) the entire case was closed by September 16, 2006, and (b) Plaintiff only information pertaining to himself.

12.) Further objecting to the assertion of 42,43,44,45,46, by the defendant. That (1) this is untrue and in correct that the DEA was not require to obtain the information from either the Pasco County Sheriff's Office or the USAO to satisfy the Plaintiff request. This is untrue and in-correct because (a) Detective Thompson of the Pasco County Sheriff Office, testify as being a member of the DEA task force and the prosecution informed the jury that he being a member of the task force. That (2) the exist of the files in the USAO did originate with the DEA, and therefore could have been explain. And the had been maintained first by the DEA as result they started the investigate and Thompson being a member. And (3) it is untrue incorrect that the records, report, documents and information was not relevant to the requested information. Plaintiff,

---

[1] Each agency shall make available to the public information follows:

[2] Each agency, in accordance with published rules, shall make avail able for public inspection and copying--

[3] (A) final opinions, including concurring and dissenting opinion as well as orders, made in the adjudication of cases;

requested any and all documents, records, reports and information and was clear as to the date of July 16, 2002. Plus what information he wanted such as the Aviation Unit reports. That (4) the Pasco County Sheriff's Department would have gather information prior to July 17, 2002, and that the jurisdiction not being exclusive and the information was not in control and custody of the DEA.

The Search was In-adequate Conducted.

13.) The Plaintiff, from the beginning has been contending that the search conduct by DEA for the requested documents reports, reports and information was inadequate. That as result of their acting in bad faith, did missed the first 270 pages. That is now contending that out of the 270 pages. That 123 page of unidentified photographs, were part of the request filed in September 06.

14.) It is now asserted that as result of the DEA bad faith in adequate conduct the search has now missed additional 1,000 page of records that pertain to the request from September 06, and is now their possession. See attachment (B).

15.) Therefore, it is assert that the search conducted by the DEA was in adequate for it the failure to search the field office

---

[4] Copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent request for substantially the same records;

[5] Except with respect to the records made available under paragraph (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon request for records which (i) reasonably describes such records and (ii) is made in accordance with published

if Tampa Division of Florida. Whereas, the EOUSA has now un-cover additional 1,000 pages of documents records reports, and information that is connect to the request submitted by Plaintiff. And therefore the DEA has failed to properly respond to the request and yet satisfy the complaint. That THE defendant's is yet to turn over the the requested document, reports, records, and information in regards to the Aviation Unit surveillance as requested in the request. This constitute and outright violation of the statues 5 U.S.C.§552.

16.) Wherefore, the defendants has not only act in bad faith in regards of conducting an adequate search. But now as well as with their Declaration was not made in good faith.

## There Still Exist and Genuine Issue in Dispute as to Material Fact

18.) Plaintiff, assert that there still an Genuine Issue in Dispute that exist as to the Material Fact. That (1) refusal to to disclose the requested records, reports, documents and information. Such as (a) both the Tampa and Washington D.C. offices failed to release in a timely manner, and (b) yet to release the requested records, reports, documents and information in regard to the surveillance that was such as Aviation Unit that participated in the investigation. That (c) the defendants are now still in possession of the requested information and is yet to release the

rules stating the time, place, fees, (if any), and procedures to be followed, shall make the records promptly available to any person [6] in making any records available to a person under this paragraph, an agency shall provide the records in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts **to maintain its records in forms or formats that are reproducible for purpose of this section.**

information. See attachment ( ). That (2) a jury find that (d) THE defendants are now in possession of 1,000 documents, reports, records, and information that is related to the request. That (e) jury could find that the defendants failure to release the information, reports, records, and documents in regards to the Aviation Unit. That the action of the defendant to be act of refusal to release and to unlawful. That (f) jury could find that the defendant is require to release such information that is now their possession, that was turn over by EOUSA..

19.) The subject of this Declaration and statement set forth herein are true and correct on the basis of my personally knowledge or based on the information acquire by me.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED THIS  2 4 DAY OF March 2008.


                              Respectfully Submitted,

                              DEMETRIUS MCLAUGHLIN
                              REG#41297-018
                              P.O.BOX 1033
                              Coleman, Fl, 33521

## CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a true and correct copy of the foregoing Declaration of Demetrius Mclaughlin, has been given to the prison authority to be delivered by U.S. Mail to the interested parties stated below, postage prepaid on this 24 day of March 2008.

William C. Little Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Counsel
Drug Enforcement Administration
Washington D.C. 20537

MADELYN E. JOHNSON,
Assistant United States Att.
U.S. Attorney Office RM 114
555 4th Street, N.W.
Washington, D.C. 20530

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
P.O.BOX 1033
Coleman, FL, 33521

-8-

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

## DEC 0 7 2007

Mr. Demetrius McLaughlin
Register No. 41297-018
United States Penitentiary          Re:      Appeal No. 07-1874
Post Office Box 1033                         Request No. 06-3274
Coleman, FL 33521                            ALB:CL

Dear Mr. McLaughlin:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself. I note that you have not appealed EOUSA's withholdings made pursuant to various Freedom of Information Act exemptions. I regret the delay in responding to your appeal.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA referred 272 pages, one CD-ROM and one cassette tape to the Drug Enforcement Administration (DEA), and two pages to the United States Marshals Service, for processing and direct response to you. These referrals were proper and in accordance with Department of Justice regulations. See 28 C.F.R. § 16.4(c) (2007). Regarding your comments about state records, please be advised that EOUSA referred those records to DEA.

Furthermore, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing Freedom of Information Act requests and appeals. See Judicial Watch v. Clinton, 880 F. Supp. 1, 10 (D.D.C. 1995).

Finally, as EOUSA previously advised you, if you are interested in receiving public source materials (such as court filings), please contact EOUSA and it will provide them to you, subject to any fees.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE No. 8:03cr226 T 17MSS


UNITED STATES OF AMERICA

    Plaintiff,

v.                MARCH 9, 2004
                10:00 A.M.

Demetrius McLaughlin

    Defendant.

_____/

TRANSCRIPT OF TRIAL PROCEEDINGS
BEFORE THE HONORABLE ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE, and a jury

APPEARANCES:

For the Government:    PAMELA COTHRAN
                    Assistant U.S. Attorney
                    U.S. Attorney's Office
                    400 North Tampa St.,
                    Ste.3200
                    Tampa, FL 33602

For the Defendant:    GRADY IRVIN
                    PO Box 146
                    Saint Petersburg, FL 33731

Reported By:        Sandra K. Lee, RPR
                    Official Court Reporter
                    U.S. District Court
                    801 North Florida Avenue
                    Tampa, FL 33602
                    (813) 301-5699

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION

2

I n d e x

WITNESS: MICHAEL MIELKE

Direct examination by Ms. Cochran    33
Cross-examination by Mr. Irvin    41

WITNESS: PAUL THOMPSON

Direct examination by Ms. Cochran    50
Cross-examination by Mr. Irvin    94
Redirect examination by Ms. Cochran    123
Recross examination by Mr. Irvin    127

WITNESS: PETER ECHEVARRIA

Direct examination by Ms. Cochran    130
Cross-examination by Mr. Irvin    152
Redirect examination by Ms. Cochran    165

WITNESS: CLINTON CABBAGE

Direct examination by Ms. Cochran    172
Cross-examination by Mr. Irvin    181
Redirect examination by Ms. Cochran    201
Recross examination by Mr. Irvin    202
Continued Redirect examination
    By Ms. Cochran    206

3

1               P R O C E E D I N G

2        THE COURT: I appreciate your patience.

3  I came here as fast as I could. I had two

4  doctors' appointments this morning. I'll share it

5  with the jury, one of the appointments, when they

6  come in.

7        Any matter to come before the Court

8  before we get started?

9        MS. COTHRAN: Yes, Your Honor. This

10  morning I was shown a letter that purports to be

11  written by a co-defendant exculpating this

12  defendant. I'd like to do an oral motion in

13  limine to make sure that there's no statements

14  made about that in opening statement as it would

15  be hearsay.

16        MR. IRVIN: Stipulate.

17        MS. COTHRAN: I don't intend to --

18        THE COURT: Stipulated. Stipulated.

19  Okay. And if you're going to make an opening,

20  I'll go through the standard conversation where

21  you don't have to do anything, if you wish to make

22  an opening you could do it now or reserve it, et

23  cetera. Okay? And we'll deal with this problem

24  during a break. Okay?

25        MS. COTHRAN: Okay. Sounds good.

4

1        MR. IRVIN: Let me just hand it to my

2  client this morning. He's in jail in custody.

3        THE COURT: Okay. We got any other

4  assistants here for that problem?

5        MS. COTHRAN: They're just here for the

6  show.

7        THE COURT: They're here for what?

8        MS. COTHRAN: For the show.

9        THE COURT: Well, we'll going to charge

10  admission, if that's the situation. Okay. Are we

11  ready to go? Are you ready?

12        MR. IRVIN: Can we wait for the jury to

13  come in to invoke the rule?

14        THE COURT: Yes. That would be better.

15  You ready, Mr. Bailiff? Let's get them.

16        (JURY IN THE COURTROOM.)

17        THE COURT: Ms. Cothran and Mr. Irvin,

18  we're going to go two hours and then we're going

19  to take our lunch for an hour.

20        All rise for the jury. Good morning,

21  ladies and gentlemen of the jury.

22        My standard inquiry, since yesterday

23  when you came up here for your voir dire

24  examination, up to the present time, and that's

25  the preface predicate for any inquiry I make of

13

1   hear that the pickup truck drives onto the
2   property, pulls behind an apartment building and
3   backs up to the apartment building. Detective
4   Mike Mielke with the Pasco County Sheriff's Office
5   Narcotics and Vice Unit will describe to you the
6   activity that he saw on that day, and
7   specifically, what he saw with respect to that
8   silver pickup truck.
9        In general, Detective Mielke will tell
10   you that he saw people loading that pickup truck
11   with items and then he saw other people get into
12   the pickup truck and drive off the property.
13        Now, he was in radio communication with
14   other narcotics detectives who were also on
15   surveillance, so when he saw the pickup truck
16   leave he radioed to them that the silver pickup
17   truck was now driving off the property.
18        Detective Paul Thompson, another
19   narcotics detective with Pasco County Sheriff's
20   Office and also a DEA task force member was
21   sitting in an undercover vehicle just down the
22   road from this property and he hears on his radio
23   Detective Mielke talking about this silver pickup
24   truck and then he hears about how the silver
25   pickup truck is leaving. And shortly thereafter,

14

1   here comes the silver pickup truck.
2        Now, Paul Thompson is sitting right by
3   the road watching the silver pickup truck go by,
4   and he looks at the people in the truck. And he
5   recognizes them. He recognizes two of the people
6   in the truck. He identifies the driver as
7   Demetrius McLaughlin. And he's recognized him
8   because he had previously arrested Demetrius
9   McLaughlin just a few months prior for selling to
10   him directly in a hand-to-hand transaction crack
11   cocaine.
12        He had hung out with Demetrius
13   McLaughlin during those undercover transactions,
14   negotiated with him about the price of crack
15   cocaine, and ultimately he did purchase crack
16   cocaine from Demetrius and later arrested him. So
17   he was quite well acquainted with Demetrius
18   McLaughlin.
19        Also in the truck you'll hear from
20   Detective Paul Thompson that he recognized one of
21   the passengers in the truck as Teresa Sutton. His
22   confidential informant had suggested that
23   Miss Sutton was probably involved in this group
24   making methamphetamine at this property. So he
25   wasn't all that surprised to see Miss Sutton

15

1   driving down the road in this truck.
2        In fact, just a day or so before, he had
3   looked up Miss Sutton, done a little research, and
4   found a picture of her and discovered that she had
5   two active arrest warrants outstanding.
6        So at this point when the silver truck
7   passes by, Detective Thompson will tell you that
8   he knew Demetrius McLaughlin is driving the truck;
9   Teresa Sutton, the passenger, has active arrest
10   warrants; and this truck has just left the
11   property where they have good reason to believe
12   methamphetamine is being made and sold and items
13   were loaded into this silver truck.
14        So Paul Thompson decides it's probably a
15   real good idea if somebody follows this truck. So
16   he radios to his fellow narcotics detectives and
17   they start following the truck to see where it's
18   going to go. Now, keep in mind, these narcotics
19   detectives aren't driving the kind of police cars
20   we're accustomed to seeing on the road. They
21   don't have lights; they don't have markings. They
22   just look like regular old undercover cars, just
23   like the cars we drive.
24        But still they don't want to follow the
25   truck too closely because they don't want the

16

1   truck to become suspicious that they're being
2   followed. So they have to be careful and
3   Detective Thompson will tell you how they do that,
4   how they rotate detectives in their cars so that
5   no one car is following the silver truck for too
6   long.
7        At some point while they're following
8   the truck, for several minutes, they lose sight of
9   the truck. But they pick it up very shortly
10   thereafter in close proximity stopped at a
11   barbecue restaurant, George and Glady's Barbecue
12   Restaurant. So they sit in surveillance until
13   people come back out and get in this truck and
14   drive away. And they continue to follow the
15   truck.
16        Now, Detective Thompson wants to confirm
17   that the same people he saw in the truck
18   previously, Demetrius McLaughlin and Teresa
19   Sutton, are still in the same silver truck. So
20   he -- to make this reconfirmation of their
21   identities, he pulls up at a red light right next
22   to them and casually leans over to check out if
23   it's still Mr. McLaughlin and Miss Sutton. And
24   sure enough, Demetrius McLaughlin is still at the
25   wheel and Miss Sutton is still at a passenger side