UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRIUS MCLAUGHLIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2048 (RMC) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In response to the Court's Order of January 15, 2008, Defendant Department of Justice has proffered the Declaration of William C. Little, Jr., who confirms that searches of the Tampa District Office of the Drug Enforcement Administration ("DEA") were conducted between December 15, 2006 and February 23, 2007. Little Decl. ¶¶ 29-32 [Dkt. # 29]. *See* Jan. 15, 2008 Mem. Op. [Dkt. # 27] at 5 (questioning the scope of DEA's search). Based on the current Declaration and the previously considered Declaration of Leila I. Wassom, Mem. Op. at 4-5, the Court finds that DEA conducted an adequate search for records responsive to Demetrius McLaughlin's Freedom of Information Act ("FOIA") request.

Consistent with Mr. McLaughlin's claim concerning 270 pages of omitted records,[1] *see* Mem. Op. at 5, Mr. Little has identified those records as pages that were referred to DEA from the Executive Office for United States Attorneys on April 25, 2007, during the course of this

---

[1] In what the Court construes in part as Mr. McLaughlin's opposition to Mr. Little's Declaration, Mr. McLaughlin speculates for the first time that DEA has omitted 1,000 pages of responsive records. Pl.'s Mot. for Recons. or in Alternative Certify the Ruling of Summ. J. and Mem. in Supp. [Dkt. # 30] at 2. Not only does this claim come too late in the proceedings, but it is wholly unsubstantiated. Plaintiff therefore has failed to create a genuine issue of material fact with respect to DEA's documented search.

litigation. Little Decl. ¶ 14 & Ex. E. Because an agency's FOIA disclosure obligations extend only to records in its possession at the time of the FOIA request at issue, *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), DEA's processing of the records referred to it after the commencement of this action is beyond the scope of this litigation.[2]

For these reasons and the reasons set forth in the previous Memorandum Opinion, the Court now concludes that Defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

Date: April 14, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[2] Mr. McLaughlin has not moved under Federal Rule of Civil Procedure 15 to supplement the Complaint. Because he does not challenge DEA's withholding of information in the referred records that were released, however, supplementing the Complaint to further challenge the adequacy of the search would be a futile exercise. In the absence of evidence of bad faith in conducting a search, the agency is entitled to summary judgment when, as here, it has demonstrated "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). This is so whether or not it located all responsive records. *See Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) ("[T]he [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search.") (citations omitted).