UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMETRIUS MCLAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 06-2048 (RMC) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The Court of Appeals for the District of Columbia Circuit remanded part of this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for a determination as to whether the 31 pages of Drug Enforcement Administration records withheld in part or completely contained any segregable material. *See* Dkt. # 39 (Mandate). The Department of Justice ("DOJ") has publicly filed the Supplemental Declaration of William Little, Jr. [Dkt. # 43-1] and has submitted the subject pages for *in camera* review. Plaintiff Demetrius McLaughlin has opposed Mr. Little's declaration [Dkt. # 45].

Mr. Little states that he "personally examined all the responsive pages to determine whether any reasonably segregable information could be released." Little Suppl. Decl. ¶ 4.[1] Where pages were withheld completely, Mr. Little determined that no meaningful portions remained for release "after redacting all the withholdable information[.]" *Id.* Upon consideration of the parties'

---

[1] As established in his initial declaration of March 3, 2008 [Dkt. # 29-2], Mr. Little is a litigation attorney in the Drug Enforcement Administration's Office of Chief Counsel, Administrative Law Section, responsible for FOIA and Privacy Act matters involving DEA.

supplemental filings and its review of the withheld pages, the Court determines that DOJ properly redacted information from 18 released pages as exempted by FOIA Exemptions 2, 7(C) and 7(F).[2] *See id.* ¶¶ 9-17, 20-21, 27-28, 30-31. In addition, the Court determines that DOJ properly withheld 12 pages of information in their entirety under FOIA Exemptions 2, 7(C), 7(F) and 7(D) (coded informant material).[3] *See id*. ¶¶ 8, 18-19, 26, 28. Mr. Little's statements regarding pages 23 and 24 are confusing, however. He describes those pages as "a two-page ROI describing the indictment and arrest of the plaintiff and his co-defendants." *Id*. ¶ 22. He then states that page 23 was released in part and page 24 was withheld in its entirety, *id*., but later states that "[p]ortions of [p]age 24, which is an ROI, were released to the plaintiff," *id*. ¶ 25.[4] Mr. McLaughlin states that he has not received page 23. Pl.'s Opp'n at 3 ¶ 7. The Court will defer final disposition pending Defendant's clarification of the status of pages 23 and 24.

Mr. McLaughlin contends that certain withheld information is in the public domain,

---

[2] *See* 5 U.S.C. § 552(b) (listing exemptions); *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 485-86 (D.C. Cir. 1980) (approving the withholding of informant codes under Exemption 2 as "a matter of internal significance in which the public has no substantial interest."); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (finding third-party identifying information contained in law enforcement files "categorically exempt" from disclosure under Exemption 7(C) absent showing of an overriding public interest). Mr. McLaughlin suggests that disclosure is warranted to challenge his criminal prosecution, Pl.'s Opp'n at 3-4, but it is established that the public interest in disclosure "does not include helping an individual obtain information for his personal use" to overturn a conviction. *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004).

[3] Exemption 7(D) allows the withholding of records if their disclosure "could reasonably be expected to disclose the identity of a confidential source" and, with respect to a law enforcement investigation, the information the source supplied. 5 U.S.C. § 552(b)(7)(D).

[4] The *in camera* submission has page 24 withheld in its entirety. *See also* Little Suppl. Decl. ¶ 29 ("Thus, Page 24 was withheld in its entirety[.]").

but he has not met " 'the initial burden of pointing to specific information in the public domain [by official disclosure] that appears to duplicate that being withheld.' " *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007) (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)). Although Mr. McLaughlin asserts that certain information, including the identities of coded informants, was disclosed through testimony at a suppression hearing and "during the course of the mention by the prosecution['s] opening and closing arguments," Pl.'s Opp'n at 2, he has not provided the page numbers of the exhibits upon which he relies.[5] These omissions are fatal to Mr. McLaughlin's claim because the Court can compel the government "to disclose only the 'exact information' to which the source actually testified," *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (quoting *Dow Jones & Co. v. Dep't of Justice*, 917 F.2d 571, 577 (D.C. Cir. 1990)), or that which the government officially acknowledged, *Wolf*, 473 F.3d at 378.

In addition, the fact that Mr. McLaughlin may have obtained withheld information from an unofficial source or by some other means, *see* Pl.'s Opp'n at 2, does not prevent DOJ from invoking FOIA exemptions because unlike a "constitutionally compelled disclosure to a single party," *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999), a FOIA disclosure is "to the public as a whole." *Stonehill v. I.R.S.*, 558 F.3d 534, 539 (D.C. Cir. 2009). Thus, "the fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause harm cognizable under a FOIA exemption." *Wolf*, 473 F.3d at 378 (citation omitted).

Finally, Mr. McLaughlin asserts that the records should be reviewed "to determine whether information relates to [a] Traffic Stop," Pl.'s Opp'n at 3, but as a general rule applicable

---

[5] Mr. McLaughlin's opposition includes an 82-page attachment consisting of various documents and a lengthy transcript. His directive to "see exhibit ( )" is simply unhelpful.

here the identity of a FOIA requester and the purpose for the request is irrelevant to the FOIA analysis. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 770-71 (1989); *Loving v. Dep't of Defense,* 550 F.3d 32, 39 (D.C. Cir. 2008).  The Court therefore lacks authority to review the records for Mr. McLaughlin's particular purpose.

For the foregoing reasons, the Court is satisfied that Defendant has released all reasonably segregable records, except as to pages 23 and 24.  The Court will order Defendant to clarify in writing the status of pages 23 and 24 and, if appropriate, release any non-exempt information to Mr. McLaughlin.  A memorializing Order accompanies this Memorandum Opinion.

Date: November 4, 2009                                           /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge