UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMETRIUS MCLAUGHLIN,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**U.S. DEPARTMENT OF JUSTICE,**  )<br>)<br>Defendant.  )<br>) | Civil Action No. 06-2048 (RMC) |

**MEMORANDUM OPINION**

The Court deferred final disposition of this Freedom of Information Act case — on partial remand from the District of Columbia Circuit — pending Defendant's clarification of its treatment of responsive pages 23 and 24. *See* Mem. Op. of November 4, 2009 [Dkt. # 46] at 2. In a supplemental declaration, Defendant confirms, consistent with the *in camera* submission, that page 24 was withheld in its entirety because "all that would remain [after excising any non-exempt material] would be the plaintiff's name and the NADDIS number with no useful information that would shed light on how the government conducts business." Second Suppl. Decl. of William C. Little, Jr. [Dkt. # 49-1] ¶¶ 2-3. In addition, Mr. Little confirms that on November 25, 2009, he mailed a redacted copy of page 23 to Mr. McLaughlin in response to his claim that he did not receive that previously released page. *Id*. ¶ 4.

On November 23, 2009, Mr. McLaughlin moved for reconsideration of the Order of November 4, 2009, "to prevent manifest injustice. . . ." Pl.'s Mot. for Recons. and/or in Alternative to Alter or Amend the Courts' Order Pursuant to Fed. R. Civ. Proc. Rule 59(e) [Dkt. # 48]. A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that "there is an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

      Mr. McLaughlin claims that the withheld information should be disclosed because it is in the public domain and contains exculpatory evidence, but the Court already has rejected such arguments.  *See* Mem. Op. at 2-4.  A separate final Order accompanies this Memorandum Opinion.

Date: January 27, 2010                                        /s/
                                                              ROSEMARY M. COLLYER
                                                              United States District Judge